**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: June 26 2026**

_____
John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | * | Case No: 26-31106 |
| | * | |
| Louis A. Diaz, IV | * | Chapter 7 |
| | * | |
| Debtor(s) | * | Judge John P. Gustafson |
| | * | |

### ORDER DENYING DEBTOR(S) APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE AND SCHEDULING INSTALLMENT PAYMENTS

This case came before the Court for hearing on June 23, 2026, upon consideration of the Debtor's Application to Have Chapter 7 Filing Fee Waived [Doc #6]. Counsel for Debtor was present by phone.

The court has the discretion under 28 U.S.C. § 1930(f)(1) to waive the filing fee for a Chapter 7 case where the debtor has income less than 150% of the income official poverty guideline applicable to the size of family involved. The court set the Application for hearing because Debtor did not appear to qualify under the statute for waiver of the $338 filing fee because Debtor's income exceeds 150% of the HHS poverty guidelines.

At the hearing, Debtor's Counsel asserted that the Debtor's military disability benefits should not be considered as income for purposes of determining whether the Debtor was eligible for waiver of the Chapter 7 Filing Fee.

Section 1930(f)(1) provides:

Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management

and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments.  For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

Collier on Bankruptcy states:

> The first prong of the test, whether the debtor's income is less than 150 percent of the poverty line for a family that is the size of the debtor's family, is objective.  There is no room for the courts to exercise discretion with respect to whether the debtor satisfies this criterion.  If the debtor's income is not less than 150 percent of the applicable poverty line figure, then the debtor is not eligible for the fee waiver.

1 Collier on Bankruptcy, ¶9.05[1][c] (16th ed. 2026)(footnote omitted).

Under the statute, the Judicial Conference of the United States is authorized to set forth procedures for waiver of the filing fee in Chapter 7 cases.  The Guide to Judiciary Policy[1] ("GJP") Volume 8, Ch. 8, Section 820, *et seq*., provides guidance where debtors are applying for a waiver of the Chapter 7 filing fee pursuant to 28 U.S.C. §1930(f)(1).

Section 820.20 of the GJP states:

(B) The income for comparison to the poverty guidelines is the "Total Combined Monthly Income" as reported (or as will be reported) on Schedule I.

(C) Amounts received as non-cash government assistance must be deducted from the total amount reported on Schedule I for fee waiver consideration.

Thus, courts are directed to review the income listed as "Total Combined Monthly Income" on Schedule I, subtracting only "non-cash government assistance".

---

[1]/  The reference portion of the text of the Guide to Judicial Policy can be found at:

https://www.uscourts.gov/administration-policies/judiciary-policies/bankruptcy-case-policies

And at 1 Collier on Bankruptcy, Ch. App. 9B at 9-57 to 9-64 (16th ed. 2023).

The question raised here is the relationship between "current monthly income" and "Total Combined Monthly Income"[2] described in the GJP. "Current monthly income" is defined in 11 U.S.C. §101(10A) as income received during a 6-month lookback period. §101(10A)(A). Among the exclusions in the Bankruptcy Code's definition are benefits received under the Social Security Act, and specified types of military monthly compensation associated with "a disability, combat-related injury or disability". §101(10A)(B)(ii). The definition of current monthly income is "a critical component of the means test added to section 707(b) and of the disposable income test under section 1325(b)." 2 Collier on Bankruptcy, ¶101(10A) (16th ed. 2026). In Chapter 7 cases, the Means Test calculations have their own Official Forms – separate from Schedule I. *See*, Official Forms B 122A-1, B 122A-2.

In contrast to the exclusions applicable to reporting "current monthly income", bankruptcy courts have stated that debtor are required to list "all income" on Schedule I, Official Form 106I. *See*, *Marshall v. Blake*, 885 F.3d 1065, 1069 n.2 (7th Cir. 2018)("Schedule I requires the debtor to report gross monthly income from all sources."); *In re Mulholland*, 2011 WL 4352293 at *6, 2011 Bankr. LEXIS 3559 at *24 (Bankr. D.N.M. Sept. 16, 2011)("Schedules I and J require debtors to lists all income and expenses."); *In re Cunningham*, 2008 WL 1696756 at *2, 2008 Bankr. LEXIS 2724 at *8 (Bankr. N.D. Tex. April 9, 2008); *In re Lordy*, 214 B.R. 650, 668 (Bankr. S.D. Fla. 1997).

More specifically, courts have held that income specifically excluded from "current monthly income" by §101(10A)(B)(ii) is still required to be listed as income on Schedule I. *See*, *Baud v. Carroll*, 634 F.3d 327, 335 (6th Cir. 2011)("As required, the Appellees also filed Schedule I, listing gross monthly income of $9,115.63 (including Social Security benefits for one of the Appellees and income from employment for the other) ...."); *In re Williamson*, 2023 WL 2144534 at *12, 2023 Bankr. LEXIS 451 at *26 (Bankr. N.D. Ohio Feb. 21, 2023)("There is no question that a debtor must list their Social Security income on Schedule I."); *In re Damron*, 598 B.R. 350, 354 (Bankr. S.D. Ga. 2019); *In re Scott*, 488 B.R. 246, 249 (Bankr. M.D. Ga. 2013)("social security benefits must be included as income on Schedule I"). This requirement is reflected on Schedule I, Line 8e, which requires: "List all other income regularly received: Social Security".

---

[2]/ The current Official Form for Schedule I (B 106I) does not have a line designated as "Total Combined Monthly Income". Previous cases looked to Line 16 of Schedule I. After Schedule I was revised into its present form, the total referred to by the GJP is found at Line 10. *In re Johnson*, 2021 WL 4047460 at *1 n. 2, 2021 Bankr. LEXIS 2447 at *2 n. 2 (Bankr. D. Kan. Sept. 3, 2021)('Schedule I, line 10. "Monthly income" is comprised of monthly take-home pay, plus all other income regularly received on lines 8a-8h, if any; . . .").

3

Similarly, the instruction for Schedule I specifically states: "Note that the income you report on Schedule I may be different from the income you report on other bankruptcy forms.  For example, the *Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1)*, *Chapter 11 Statement of Your Current Monthly Income (Official Form 122B)*, and the *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form 122C-1)* all use a different definition of income and apply that definition to a different period of time. Schedule I asks about the income that you are now receiving, while the other forms ask about income you received in the applicable time period before filing.  So the amount of income reported in any of those forms may be different from the amount reported here."  These instructions appear to be consistent with the caselaw on the difference between Schedule I income and "current monthly income".

In explaining that IFP applications generally operate under more stringent standards - in terms of including income - this court gave as an example: "social security income, which is excluded from the Means Test, is included in determining eligibility under the 150% of poverty level guidelines." *In re Bussey*, 2014 WL 2765703 at *2, 2014 Bankr. LEXIS 2760 at *4 (Bankr. N.D. Ohio June 18, 2014)(dicta).

Here, Debtor's Schedule I did not list his military disability benefits as either "Pension or retirement income" [Line 8g] or "Other monthly income" [Line 8h].  Thus, no part of the $2,362.30 per month in military income appeared on Line 10, where the sources of income listed above that line are totaled.  Instead, Debtor listed "Military Disability Benefits" on Line 11, as "other regular contributions to the expenses that you listed in Schedule J."  This is not the proper way or place to list that income – it should have been listed either on Line 8g ("Pension or retirement income") or Line 8h ("Add all other income").[3]  If it was included on either of those lines, it would have been included in the total for Line 10.  And, as discussed above, if properly included in the total on Line 10, the income would be included in the determination of whether Debtor's income exceeded 150% of the Health and Human Services Poverty Guidelines. *In re Johnson*, 2021 WL 4047460 at *1 n. 2, 2021 Bankr. LEXIS 2447 at *2 n. 2 (Bankr. D. Kan. Sept. 3, 2021).

While the fact that Social Security and Military Disability payments are both excluded from the Means Test by the same provision [§101(10A)(B)(ii)] should be sufficient to find that

---

[3]/  Counsel indicated that his software balked at putting this income – otherwise properly excluded from any Means Test calculation – in Schedule I.  The statements in this decision are not a criticism of what was done in filing this case or raising this issue.  Instead, they are intended as guidance for future cases involving similar issues.

they should be treated in the same manner in evaluating a debtor's income in a Chapter 7 fee waiver request, there is a bankruptcy case that deals specifically with military disability benefits.

The court in *In re Foistner*, 2025 WL 25448, 2025 Bankr. LEXIS 2 (Bankr. D.N.H. Jan. 2, 2025) dealt with the issue of a fee waiver under a different, but related statute: 28 U.S.C. §1915(a), which applies to the waiver of filing fees associated with an appeal. *Foistner* held that federal courts must consider income from all sources when determining fee waivers. *In re Foistner*, 2025 WL 25448, at *1, 2025 Bankr. LEXIS 2 at *4 (Bankr. D.N.H. Jan. 2, 2025). While Congress has "expressly excluded" certain types of income from current monthly income, "Congress has not limited the income types a court can consider in  determining fee waivers." *Id*. The *Foistner* decision held that the Debtors must include Social Security and military benefits in their income when applying for a fee waiver. *Id.* Further, "When deciding whether to waive appellate fees and whether to allow an appellant to proceed without prepaying the fees, federal courts generally must consider income from all sources, along with expenses, assets, liabilities, and other factors." *Id.* (citing, *In re Cary*, 2017 WL 1501395, at *1-2, 2017 U.S. Dist.. LEXIS 68268 at **2-5 (E.D.N.C. Apr. 26, 2017) (applying § 1930(f) in affirming denial of appellate fee waiver)).

Applying *Foistner* to the case at hand, it is an additional reason for holding that the Debtor must include his military benefits in his monthly income for his Chapter 7 Filing Fee Waiver Application.

When the $2,362.30 in Military Disability Benefits are included in "Total Combined Monthly Income", the Debtor's monthly income is greater than $1,995, which is income limit for a fee waiver.

Accordingly, the Court **DENIES** the Application to Have Chapter 7 Filing Fee Waived [Doc #6], and instead orders that the Debtor shall pay the Chapter 7 filing fee of $338 under the following terms:

| | |
|---|---|
| $ 85.00 on or before | July 10, 2026 |
| $ 85.00 on or before | July 31, 2026 |
| $ 85.00 on or before | August 14, 2026 |
| $ 83.00 on or before | September 4, 2026 |

The entire filing fee will be due even if this case is dismissed, and if not paid in full, Debtor(s) will be prohibited from filing or obtaining relief in another case under any chapter of the Bankruptcy Code unless the unpaid balance due is paid in full.

**IT IS SO ORDERED.**

5